**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JOSE AKE CANCHE

      Plaintiff,

v.

CERES, LLC
d/b/a HENRY'S CHINESE CAFE, and
ZHONGGUANG GAO

      Defendants.

_____

**COMPLAINT FOR UNPAID WAGES**
_____

Plaintiff, by and through undersigned counsel, files this Complaint for Unpaid Wages against the above-named Defendants.

**STATEMENT OF THE CASE**

1.    Plaintiff was formerly employed by Defendants to work long hours for low wages in the kitchen of Defendant's restaurant located in Edwards, Colorado.

2.    Defendants failed to pay the Plaintiff overtime premiums for overtime hours worked. Defendants also failed to provide the Plaintiff with required paid rest periods during his shifts.

3.    Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Colorado Minimum Wage Order ("MWO"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, *et. seq.* and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq*.

4.    Defendants violated the FLSA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked

beyond forty each workweek.

5.     Defendants violated the Colorado Minimum Wage Act ("MWA") as implemented by the Colorado Minimum Wage Order ("MWO") because they require employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek; because they require employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked over twelve in a work day; and because they require employers to provide their employees with compensated, ten-minute rest periods for each four-hour work period.

6.     Defendants violated the Colorado Wage Claim Act ("CWCA") because that Act requires employers to pay employees all wages or compensation earned, vested, determinable and unpaid upon their separation from employment.

7.     This case concerns compensation for work performed between January 13, 2016 and November 15, 2021 (hereinafter "times relevant to this action").

## PARTIES, JURISDICTION, AND VENUE

8.     Plaintiff Jose Ake-Canche was employed by Henry's Chinese Café when Defendants purchased it as a going concern in approximately January of 2016.  Plaintiff was employed by Defendants from the time they purchased Henry's Chinese Café in approximately January of 2016 through approximately June of 2016.  Plaintiff was again employed by Defendants at Henry's Chinese Café from approximately June of 2017 through November 15, 2021.  Plaintiff's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

9.     Defendant Ceres, LLC is a limited liability company organized under the Colorado Limited Liability Company Act with a principal street address of 175 Main St. Unit C101, Edwards, CO 81632.

2

10.     Henry's Chinese Café is a registered trade name of Defendant Ceres, LLC.

11.     At all times relevant to this action, Defendants operated a restaurant located at 175 Main St. Unit C101, Edwards, CO 81632 and doing business as Henry's Chinese Café.

12.     Defendant Zhongguang Gao ("Gao") is the principal owner and manager of Defendant Ceres, LLC.

13.     Defendant Gao was a founding member of Defendant Ceres, LLC.

14.     Defendant Gao is the registered agent of Defendant Ceres, LLC.

15.     Upon information and belief, Defendant Gao owns a controlling interest in Defendant Ceres, LLC.

16.     Defendant Gao possessed and exercised the authority to hire and fire the Plaintiff and his co-workers.

17.     Defendant Gao signed the pay checks issued to Plaintiff by Ceres, LLC d/b/a Henry's Chinese Café.

18.     Upon information and belief, Defendant Gao signed tax returns submitted on behalf of Defendant Ceres, LLC.

19.     Defendant Gao determined the amounts paid to Plaintiff for his work at Ceres, LLC d/b/a Henry's Chinese Café.

20.     Defendant Gao determined the schedule Plaintiff would work for Ceres, LLC d/b/a Henry's Chinese Café.

21.     Defendant Gao determined the terms and conditions of Plaintiff's employment by Ceres, LLC d/b/a Henry's Chinese Café.

22.     At all times relevant to this action, Defendant Gao exercised day-to-day operational control over Ceres, LLC d/b/a Henry's Chinese Café.

23.     Defendants employed the Plaintiff to work at Henry's Chinese Café.

24.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq*.

25.     Plaintiff requests that this Court exercise supplemental jurisdiction over his state law claims arising under the MWA, the MWO and the CWCA. 28 U.S.C. § 1367.

26.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

27.     Defendants employed the Plaintiff as a cook at their Henry's Chinese Café, located in Edwards, Colorado. He prepared food for orders received, did general kitchen preparation and made sauces.

28.     The Plaintiff performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff was to perform.

29.     In 2019, 2020 and 2021, Ceres, LLC's annual gross volume of sales made or business done was not less than $500,000.00.

30.     Defendants scheduled, directed and controlled the Plaintiff's work.

31.     Though Plaintiff regularly worked more than 40 hours each workweek, Defendant refused to pay him overtime premiums for overtime hours worked.

32.     Plaintiff was employed by Henry's Chinese Café when Defendants purchased it as a going concern in approximately January of 2016.  Plaintiff was initially employed by Defendants for approximately six months following their purchase of Henry's Chinese Café, from approximately January of 2016 through approximately June of 2016.  Plaintiff returned to

work for Defendants at Henry's Chinese Café again from approximately June of 2017 through November 15, 2021.

33.     During 2016, 2017, 2018, 2019 and January of 2020, Plaintiff Jose Ake-Canche worked a regular schedule for Defendants of six days per week totaling 66 weekly hours of work.  He was not paid overtime premiums for the approximately 26 hours beyond 40 he worked each workweek.

34.     Plaintiff did not work overtime hours at the height of the coronavirus pandemic.

35.     From approximately June 1, 2020 through May of 2021, Plaintiff resumed his regular schedule of six days per week totaling 66 weekly hours of work.  He was not paid overtime premiums for the approximately 26 hours beyond 40 he worked each workweek.

36.     Throughout June, July and August of 2021, Plaintiff worked an increased regular schedule in excess of 70 hours per week, due to staffing shortages.  He was not paid overtime premiums for the hours beyond 40 he worked each workweek.

37.     Throughout June, July and August of 2021, Plaintiff regularly worked in excess of 12 hours in a day.  He was not paid overtime premiums for those hours worked beyond 12 in a day.

38.     Between approximately September 1, 2021 and November 15, 2021, Plaintiff worked a regular schedule of six days per week totaling 66 weekly hours of work.  He was not paid overtime premiums for the approximately 26 hours beyond 40 he worked each workweek.

39.     Throughout his employment, Defendants failed to pay the Plaintiff overtime premiums.  Defendants instead paid Plaintiff a low salary which yielded hourly rates between $14.00 and $20.00 per hour, with no increase for overtime hours worked.

5

40.      Through his employment, Defendants failed to provide the Plaintiff with mandatory, compensated 10-minute break periods for each 4-hour work period.  7 C.C.R.1103-1 ¶5.2.

41.      Defendant did not supplement the pay given the Plaintiff for denial of  required, compensated rest breaks.  7 C.C.R. 1103-1 ¶ 5.2.4.

42.      When the Plaintiff was required to work through his ten-minute rest periods, his shifts were effectively extended by 10 minutes for each four hours of duration. Defendants' failure to authorize and permit required, compensated, duty-free rest periods was a failure to fully compensate the Plaintiff. 7 C.C.R. 1103-1 ¶ 5.2.4.

43.      Each year relevant to this action, the Plaintiff handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

## COUNT I – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

44.      Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-43 above as if fully set forth herein.

45.      This Count seeks the recovery of unpaid overtime wages arising from work performed between January 13, 2019 and November 15, 2021.

46.      Plaintiff was an "employee" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

47.      Defendants "employed" the Plaintiff as that term is defined by the FLSA. 29 U.S.C. § 203(g).

48.      Defendants were Plaintiff's "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

49.     Defendants employed the Plaintiff in an enterprise "engagedin commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

50.     Defendants violated the FLSA when they failed to pay the Plaintiff overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

51.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

52.     Plaintiff has suffered lost wages and lost use of those wages in anamount to be determined at trial.

53.     Plaintiff is entitled to recover unpaid overtimepremiums, liquidated damages, attorney's fees and costs.  29 U.S.C. § 216(b).

### COUNT II – Failure to Pay Overtime Premiums and Denied Rest Breaks
### Violation of Colorado Minimum Wage Orders, 7 CCR 1103-1

54.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-43 above as if fully set forth herein.

55.     This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between January 13, 2016 and November 15, 2021.

56.     Defendants were Plaintiff's "employers" as that term is defined by each of the annual Colorado Minimum Wage Orders in effect between January 13, 2016 and November 15, 2021.[1]

57.     Defendants suffered or permitted the Plaintiff to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff employee.  7 C.C.R. 1103-1¶ 1.6(A).

---

[1] Effective March 16, 2020 the Minimum Wage Order published annually at 7 CCR 1103-1 was renamed the Colorado Overtime And Minimum Pay Standards ("COMPS") Order.  The material rest break and overtime requirements of the version of 7 CCR 1103-1 published for each year at issue here were the same.

58.     Plaintiff was Defendants' "employee" as that term is defined by the COMPS Order because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff, who performed the primary work of the employer.  7 C.C.R. 1103-1 ¶ 1.5(A).

59.     At all times relevant to this action, Defendants operated a restaurant that prepared and offered for sale food or beverages for consumption either on or off the premises.

60.     Defendants employed the Plaintiff in an industry regulated by Wage Orders # 32 through 35.  7 C.C.R. 1103-1 ¶ 2(C).

61.     Defendants employed the Plaintiff in an industry regulated by Colorado Minimum Pay and Overtime Standards Orders ("COMPS") 36 and 37.

62.     Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiff overtime premiums for hours worked over forty in each given workweek.  7 CCR 1103-1¶ 4.1.1(A).

63.     Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to pay the Plaintiff overtime premiums for hours worked over twelve in each given workday.  7 CCR 1103-1¶ 4.1.1(B).

64.     Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when they failed to authorize and permit the Plaintiff to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

65.     As a result, the Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

66.     Plaintiff is entitled to recover in this civil actionthe unpaid balance of the full

amount of minimum and overtime wages he is owed, together with reasonable attorney fees and

court costs. 7 C.C.R. 1103-1 ¶8.1(A).

### COUNT III – Failure to Pay Overtime Premiums and Denied Rest Breaks
### Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et. seq.*

67.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-43 and 54-66

above as if fully set forth herein.

68.     This Count seeks the recovery of unpaid minimum and overtime wages arising from

work performed between January 13, 2016 and November 15, 2021.

69.     When Defendants failed to make payments in compliance with the COMPS Order

and predecessor Colorado MinimumWage Orders, 7 CCR 1103-1, they failed to pay the

minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised

Statutes.  C.R.S. § 8-6-116(1).

70.     Defendants' failure to make payments required by the COMPS Order and

predecessor Colorado MinimumWage Orders violated the Colorado Minimum Wage Act.

C.R.S. § 8-6-116(1).

71.     As a result of Defendants' violations of law, Plaintiff suffered lost wages and lost

use of those wages in an amount to be determined at trial.

72.     Plaintiff is entitled to recover in this civil action the unpaid balance of the full

amount of wages owed, together with reasonable attorney fees and court costs.  C.R.S. § 8-6-

118.

### COUNT IV – Failure to Pay Earned, Vested and Determinable
### Wages Due Upon Separation
### Violation of Colorado Wage Claim Act C.R.S. § 8-4-109

73.     Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-43 and 54-66 above as if fully set forth herein.

74.     Plaintiff Jose Ake-Canche is a former employee of Defendant.  He separated from employment by Defendant in November of 2021.

75.     This Count seeks the recovery of unpaid minimum and overtime wages and penalties arising from work performed between January 13, 2019 and November 15, 2021.

76.     Defendants were Plaintiff's "employers" as that term is defined by the CWCA, because they suffered or permitted Plaintiff to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff employee.  C.R.S.§ 8-4-101(6).

77.     Plaintiff was Defendants' "employee" as that term is defined by the CWCA, because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff, who performed the primary work of the employer.  C.R.S. § 8-4-101(5).

78.     Defendants employed the Plaintiff in an industry regulated by Wage Order # 35.  7 C.C.R. 1103-1 ¶ 2(C).

79.     Defendants employed the Plaintiff in an industry regulated by COMPS Orders 36 and 37.

80.     The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiff overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1¶ 4.1.1(A). Defendants failed to make these payments.

81.     The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendants to pay the Plaintiff overtime premiums for hours worked over twelve in each given workday. 7 CCR 1103-1¶ 4.1.1(B). Defendants failed to make these payments.

82.     The applicable COMPS Order and predecessor Colorado Minimum Wage Orders required Defendants to authorize and permit the Plaintiff to take compensated ten- minute rest periods for each four hours (or major fractions thereof) worked.  7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4. Defendants failed to permit or compensate such break time.

83.     Defendants failed to compensate the Plaintiff for the earned, vested and determinable wages or compensation recited above at the time of his separation from employment. C.R.S. § 8-4-109.

84.     As a result, the Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

85.     Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that:

As to his Count I claim brought under the FLSA, Plaintiff respectfully requests an Order from the Court that:

       a.  Plaintiff be awarded unpaid overtime premiums;

       b.  Plaintiff be awarded liquidated damages as required by law;

       c.  Plaintiff be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

       d.  Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to his Count II Claim brought under the Colorado Overtime and Minimum Pay Standards Order and predecessor Colorado Minimum Wage Orders, Plaintiff respectfully requests an Order from the Court that:

    a.  Plaintiff be awarded the unpaid balance of the full amount of minimum and overtime wages owed to him and any costs or attorney's fees due.  7 CCR 1103-1 ¶8.1(A).

    b.  Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to his Count III Claim brought under the Colorado Minimum Wage Act, Plaintiff respectfully requests an Order from the Court that:

    a.  Plaintiff be awarded the unpaid balance of the full amount of minimum and overtime wages owed to him and any costs or attorney's fees due. C.R.S. § 8-6-118.

    b.  Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to his Count IV Claim brought under the Colorado Wage Claim Act, Plaintiff respectfully requests an Order from the Court that:

    a.  Plaintiff be awarded the unpaid balance of the full amount of wages or compensation owed to him, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

    b.  Plaintiff be awarded such other and further relief as may be necessary and appropriate.

**Respectfully Submitted,**


*/s/ Andrew H. Turner*
Andrew H. Turner
CO Atty. Reg. #43869
MILSTEIN TURNER, PLLC
1490 Lafayette St. #304
Denver, CO. 80218
(303) 305-8230
[andrew@milsteinturner.com](mailto:andrew@milsteinturner.com)

*Counsel for Plaintiffs*